IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 19-326 (MN) |
| | ) |
| ROBERT MAY, Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

**MEMORANDUM OPINION**

James A. Wilson.  *Pro se* Petitioner.

Matthew C. Bloom, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE. Attorney for Respondents.

March 18, 2022
Wilmington, Delaware

---

[1]  Warden Robert May replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).



**NOREIKA, U.S. DISTRICT JUDGE:**

Petitioner James A. Wilson ("Petitioner") filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and an Amended Petition (hereinafter collectively referred to as "Petition"). (D.I. 1; D.I 5-1). The State filed an Answer in opposition. (D.I. 12). For the reasons discussed, the Court will deny the Petition.

**I.     BACKGROUND**

> On April 4, 2013, Dover police had a warrant to search a business called Many Things located on West Loockerman Street in Dover. The warrant also authorized police to search the persons of [Petitioner] and Leonard Ingram, the business' owners. When police arrived, neither man was in the building. One of the detectives left the building and recognized [Petitioner] standing nearby on the sidewalk next to a car. The detective directed nearby back-up officers to detain [Petitioner]. The back-up officers, who were in full tactical uniform with the word "POLICE" written on the front and back, pulled their vehicle in front of [Petitioner's] vehicle. They exited their vehicle with their weapons drawn, identified themselves as police officers, and ordered [Petitioner] to stop. Wilson did not stop. Instead, he pulled away from the officers in reverse, backed up his car into a parking lot and then drove away from the officers in the opposite direction. One block later, Petitioner ran a red light and broadsided a pick-up truck, injuring the driver.

*Wilson v. State*, 161 A.3d 672 (Table), 2017 WL 1535147, at *1 (Del. Apr. 27, 2017). In June 2013, a Kent County grand jury indicted Petitioner for second degree assault, possession of a deadly weapon during the commission of a felony ("PDWDCF"), disregarding a police officer's signal, and traffic offenses. (D.I. 12 at 2). Petitioner filed a motion to dismiss the indictment, which the Delaware Superior Court denied after a hearing.[2] (D.I. 10-1 at 3-4, Entry Nos. 25, 28-31). In March 2016, a Delaware Superior Court jury found Petitioner guilty of second degree assault, disregarding a police officer's signal, driving on the wrong side of the roadway, failing to

---

[2] Although docketed as a motion to suppress, the motion sought dismissal of the indictment for an illegal arrest. *See Wilson*, 2017 WL 1535147, at *1 n.3.

stop at a red light, and driving at an unsafe speed. (D.I. 12 at 3). The jury found Petitioner not guilty of PDWDCF. (*Id*.). On September 13, 2016, the Superior Court sentenced Petitioner as follows: (1) for the second degree assault conviction, to eight years at Level V incarceration, suspended after five years for one year at Level III probation; (2) for the disregarding a police officer's signal conviction, as a habitual offender to two years at Level V; and (3) to fines for the remaining convictions. (D.I. 10-4 at 58-59). Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on April 27, 2017. *See Wilson,* 2017 WL 1535147, at *1.

In May 2017, Petitioner filed a federal habeas petition in this Court, which was dismissed without prejudice in October 2017 for failure to exhaust state remedies. *See Wilson v. Parker*, Civ. A. No. 17-581-GMS, Order (D. Del. Oct. 24, 2017). In June 2017, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 10-1 at 7, Entry No. 57; D.I. 10-20; D.I. 10-21). A Superior Court Commissioner issued a report in February 2018 recommending the denial of Petitioner's Rule 61 motion. *See State v. Wilson*, 2018 WL 3096623 (Del. Super. Ct. Feb. 14, 2018). On June 19, 2018, the Superior Court denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed that decision in February 2019. *See State v. Wilson*, 2018 WL 3046576 (Del. Super. Ct. June 19, 2018); *Wilson v. State*, 202 A.3d 1124 (Table), 2019 WL 318447 (Del. Jan. 22, 2019), *rearg't denied* (Feb. 5, 2019).

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting

3

the court to consider the claims on their merits. *See Bell*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that the errors at his trial [] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). If a petitioner attempts to excuse his default on the basis of ineffective assistance of counsel, he can satisfy the prejudice component of the "cause and prejudice" standard by meeting the prejudice standard needed to establish ineffective assistance of counsel under *Strickland*. *See Holland v. Horn*, 519 F.3d 107, 120 (3d Cir. 2008).

4

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### C. Standard of Review

When a state's highest court has adjudicated a federal habeas claim on the merits,[3] the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the state court proceeding. 28 U.S.C. § 2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). The deferential standard of § 2254(d) applies even when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied. *See Harrington v. Richter*, 562 U.S. 86, 98-101 (2011). As explained by the Supreme

---

[3] A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009).

5

Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. The mere failure to cite Supreme Court precedent does not require a finding that the decision is contrary to clearly established federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002). For instance, a decision may comport with clearly established federal law even if the decision does not demonstrate an awareness of relevant Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id*. In turn, an "unreasonable application" of clearly established federal law occurs when a state court "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of a prisoner's case." *Williams*, 529 U.S. at 413; *see also White v. Woodall*, 572 U.S. 415, 426 (2014).

Finally, when performing an inquiry under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1); *Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### III.  DISCUSSION

Petitioner's timely filed Petition asserts the following four grounds for relief: (1) trial counsel provided ineffective assistance of counsel; (2) there was insufficient evidence to support his conviction for second degree assault; (3) there was insufficient evidence to support his conviction for disregarding a police officer's signal; and (4) he was denied equal protection under the law.

####    A.  Claim One: Ineffective Assistance of Counsel

In Claim One, Petitioner contends that trial counsel provided ineffective assistance by failing to: (a) conduct any pre-trial investigation; (b) investigate his alibi; (c) interview witnesses; (d) obtain copies of chain-of-custody and medical examiner reports; (e) visit the crime scene; (f) reconstruct the accident; (g) retain expert witnesses; (h) move to suppress the search warrant; (i) move for a hearing under *Franks v. Delaware,* 438 U.S. 157 (1978) to challenge the veracity of the affidavit supporting the search warrant; (j) move for a hearing under *State v. Flowers,* 316 A.2d 564 (Del. 1973) to determine whether an informant's identity should be disclosed; (k) move for a return of property; and (l) prepare for sentencing. (D.I. 2 at 2-4; D.I 5-1 at 6-8).  The record reveals that Petitioner did not present any of the instant ineffective assistance of counsel arguments in his initial Rule 61 motion.  Instead, he presented Claim One (a) through (k) to the Superior Court in his reply to the State's response to his Rule 61 motion and in his appeal of the Superior Court Commissioner's Report and Recommendation.  On post-conviction appeal, the Delaware Supreme Court explained that the Superior Court did not consider Claim One (a) through (k) because Petitioner first presented the Claims after the State replied and without asking for leave to do so from the Superior Court – actions that were non-compliant with the requirements set forth in Delaware Superior Court Criminal Rule 61(i)(b)(2) and (6).  *See Wilson*, 2019 WL 318447, at *2. As a result of Petitioner's failure to fairly present Claim One (a) through (k) to the Superior Court

7

in the manner prescribed by Rule 61, the Delaware Supreme Court only reviewed Claim One (a) through (k) for plain error as required by Delaware Supreme Court Rule 8. *Id*. After determining that trial counsel did not render ineffective assistance under the plain error standard in the manner asserted by Petitioner, the Delaware Supreme Court affirmed the Superior Court's denial of Petitioner's Rule 61 motion.

By applying the procedural bar of Rule 8, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review absent a showing of cause for the default, and prejudice resulting therefrom, or that a miscarriage of justice will occur if the claim is not reviewed. *See Campbell v. Burns*, 515 F.3d 172, 182 (3d Cir. 2008). Consequently, the Court cannot review the merits of Claim One (a) through (k) absent a showing of cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if sub-arguments (a) through (k) of Claim One are not reviewed.

With respect to Petitioner's contention in Claim One (l) that trial counsel did not adequately prepare for sentencing, the record reveals that Petitioner did not present this argument in his Rule 61 motion or on post-conviction appeal. At this juncture, any attempt by Petitioner to raise Claim One (l) in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1). *See Kostyshyn v. Metzger*, 2018 WL 1383237, at *7 (D. Del. Mar. 19, 2018). Although Rule 61(i)(1) provides for an exception to the one-year time limitation if the untimely Rule 61 motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final," no such right is implicated in the instant argument. Similarly, the exceptions to Rule 61(i)(1)'s time-bar contained in Rule 61(i)(5) and (d)(2) do not apply to Petitioner's case, because he does not allege actual innocence, lack of jurisdiction, or that a new

8

rule of constitutional law applies to the instant arguments. Given these circumstances, Claim One (l) is procedurally defaulted, and the Court cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

To reiterate, Petitioner procedurally defaulted all twelve sub-arguments in Claim One (a) through (l). Petitioner does not assert any cause for his failure to exhaust state remedies for Claim One (a) through (l), and his failure to establish cause obviates the need to address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine is inapplicable because Petitioner has not provided any new reliable evidence of his actual innocence. Accordingly, the Court will deny Claim One in its entirety as procedurally barred.

### B. Claims Two and Three: Insufficient Evidence

In Claims Two and Three, Petitioner contends that there was insufficient evidence to support his convictions for second degree assault and disregarding a police officer's signal. The Delaware Supreme Court rejected these claims as meritless on direct appeal. Thus, Claims Two and Three will only warrant habeas relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established federal law governing Petitioner's insufficient evidence claims is the rule articulated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. Additionally, "a federal habeas court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the

9

record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326; *see also Gov't of Virgin Islands v. Isaac*, 50 F.3d 1175, 1179 (3d Cir. 1995). Reviewing courts cannot make their own credibility determinations when evaluating the sufficiency of the evidence. *See United States v. Giampa*, 758 F.2d 928, 934-35 (3d Cir. 1985). Finally, "it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt." *Jackson*, 443 U.S. at 326.

Here, although the Delaware Supreme Court did not cite to *Jackson* when it denied the instant two claims, it relied on Delaware caselaw articulating the *Jackson* standard applicable to such claims.[4] *See Fahy v. Horn*, 516 F.3d 169, 196 (3d Cir. 2008) (Supreme Court of Pennsylvania's decision was not "contrary to" clearly established federal law because it appropriately relied on its own state court cases which articulated the proper standard derived from Supreme Court precedent). Thus, the Delaware Supreme Court's decision is not contrary to clearly established law.

The Court's inquiry under § 2254(d)(1) is not over, because it must also determine if the Delaware Supreme Court reasonably applied *Jackson* to the facts of Petitioner's case. The Court will address Petitioner's insufficiency allegations separately.

        **1.**     **Second degree assault**

In Delaware, a person is guilty of second degree assault when he "recklessly or intentionally causes physical injury to another person by means of a deadly weapon or a dangerous instrument." 11 Del. Code § 612(a)(2). The Delaware Code defines "physical injury" as an "impairment of physical condition or substantial pain." 11 Del. Code § 222(26). "Dangerous instrument" is defined, in relevant part, as "any instrument, article or substance which, under the

---

[4]     The Delaware Supreme Court cited its prior decision in *Tilden v. State*, 513 A.2d 1302 (Del. 1986) which, in turn, referenced *Jackson*. *See Wilson*, 2017 WL 1535147, at *3 n.12.

10

circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury." 11 Del. Code § 222(5).

The jury in Petitioner's case was presented with the following evidence:

> [Petitioner], while trying to elude officers executing a valid search warrant, ran a red light and broadsided the victim's truck. The jury saw videotaped evidence of the crash. Moreover, the victim testified about the nature and extent of his injuries, which required six staples to his head and resulted in several ruptured discs for which he was still undergoing therapy three years later.

*Wilson*, 2017 WL 1535147, at *3. After considering the aforementioned evidence in a light most favorable to the State, the Court finds that a rational jury could conclude that: (1) Petitioner acted recklessly by running a red light while fleeing the police in an automobile; (2) Petitioner's reckless operation of his automobile caused the victim physical impairment or substantial pain; and (3) the automobile was an instrument used in a way capable of causing prolonged impairment of health, given that it did actually inflict serious injuries that required prolonged therapy. Petitioner's contention that he cannot be guilty of second degree assault because the incident was an accident and he did not intentionally cause harm to the victim is unavailing, because an individual can be guilty of second degree assault as a result of reckless behavior. *See* 11 Del. Code § 612(a)(2). Given these circumstances, the Court concludes that the Delaware Supreme Court reasonably applied *Jackson* in finding the evidence sufficient to sustain Petitioner's conviction for second degree assault.

### 2. Disregarding a police officer's signal

A person is guilty of disregarding a police officer's signal under Delaware law when, "having received a visual or audible signal from a police officer identifiable by uniform, by motor vehicle or by a clearly discernible police signal to bring the driver's vehicle to a stop, [he] operates the vehicle in disregard of the signal." 21 Del. Code § 4103(b). In Petitioner's case, the State

presented evidence that "police officers in tactical gear with the word 'POLICE' on their vests ordered Petitioner to stop his car, and Petitioner refused to obey the command." *Wilson*, 2017 WL 1535147, at *3. Reviewing this evidence in a light most favorable to the State, the Court finds that a jury could rationally find that Petitioner was "trying to elude the officers," and that he disregarded the officers' audible signal to stop his vehicle. *Id*. Accordingly, the Court concludes that the Delaware Supreme Court reasonably applied *Jackson* in finding the evidence sufficient to sustain Petitioner's conviction for disregarding a police officer's signal.

### C.    Claim Four: Equal Protection Violation

In his final claim, Petitioner contends that he has been denied his right to equal protection because he is the only person in Delaware who has been prosecuted for second degree assault and possession of a deadly weapon during the commission of a felony as a result of a vehicle collision. The record reveals, and Petitioner concedes, that he did not exhaust state remedies for the instant equal protection argument because he did not present it to any Delaware state court. At this juncture, if Petitioner tried to raise Claim Four in a new Rule 61 motion in the Superior Court, the motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1) and barred as second or successive under Delaware Superior Court Criminal Rule 61(i)(2). *See Folks v. Phelps*, 2009 WL 498008, at *12 (D. Del. Feb. 26, 2009) (barred as untimely under Rule 61(i)(1)); Del. Super. Ct. Crim. R. 61(i)(2) (barring second or successive motion unless certain pleading requirements are satisfied). Since there is no indication that Rule 61(d)(2) and (i)(5)'s exceptions to the bars in Rule 61(i)(1) and (2) apply in this case,[5] any attempt to exhaust state

---

[5]   Delaware Superior Court Criminal Rule 61(d)(2) and (i)(5) provide that the procedural bars to relief in Rule 61(i)(1), (2), (3), and (4) do not apply to a claim that the court lacked jurisdiction or if the petitioner pleads with particularity either that (1) new evidence exists that creates a strong inference that he is actually innocent or (2) a new rule of constitutional law, made retroactive on collateral review, applies to his case and renders his conviction invalid. *See* Del. Super. Ct. Cr. R. 61(d)(2) and (i)(5). Petitioner does not allege a valid

12

remedies would be futile. Given this futility, the Court must treat Claim Four as technically exhausted but procedurally defaulted. Therefore, the Court cannot review the merits of the Claim Four absent a showing of cause and prejudice, or that a miscarriage of justice will result absent such review.

Petitioner asserts that he did not present Claim Four to the Delaware state courts because the evidence supporting the Claim is "newly discovered." (D.I. 5-1 at 11). Petitioner does not identify the new evidence or explain why he was unable to discover such evidence at an earlier time. As a result, Petitioner's unsupported reason does not constitute cause for his default of Claim Four.

Given the absence of cause, the Court does not need to address the issue of prejudice. Nevertheless, Petitioner cannot demonstrate that he suffered prejudice. "The Equal Protection Clause prohibits selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *United States v. Batchelder*, 442 U.S. 114, 125 n.9 (1979) (*citing Oyler v. Boles*, 368 U.S. 448, 456 (1962)). Aside from stating he is the only person in Delaware who has been prosecuted for these crimes as the result of a traffic accident, Petitioner does not identify what "arbitrary classification" the prosecutor employed in choosing to prosecute him but not others. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996) ("In order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'"). Notably, Delaware state-court decisions reveal that the State has prosecuted other people for assault for recklessly operating a motor vehicle and causing a collision resulting in injury. *See, e.g., Szubielski v. State*, 2013 WL 6211807 (Del. Nov. 26, 2013 (affirming conviction for first degree assault for recklessly striking a construction worker with his

---

claim of actual innocence, and he does not allege a lack of jurisdiction or that a new rule of constitutional law applies to his Claims.

vehicle); *Dehorty v. State*, 817 A.2d 804 (Table), 2002 WL 31946069 (Del. June 10, 2002) (affirming conviction for second degree assault arising from reckless conduct while driving an automobile).

Finally, Petitioner has not satisfied the miscarriage of justice exception to the procedural default doctrine because he has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny Claim Four as procedurally barred from habeas review.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.

14